UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN THOMPSON,

    Plaintiff,

v.                            Case No: 2:14-cv-122-FtM-29CM

THE FRESH MARKET, INC.,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #4) filed on March 3, 2014. No response has been filed. Also before the Court is plaintiff's Motion to Remand (Doc. #7) filed on March 6, 2014. Defendant filed a Response to Plaintiff's Motion to Remand (Doc. #13) on March 18, 2014. Plaintiff filed a Motion for Leave of Court to File a Reply (Doc. #15) on March 31, 2014. After reviewing the motion to remand and defendant's response, the Court finds that further briefing is not required; thus, the motion to file a reply is denied. The Court will first address the jurisdictional arguments raised in plaintiff's motion to remand and will then address the motion to strike.

**I.**

On July 23, 2013, plaintiff John Thompson filed a one-count negligence action against The Fresh Market in the Circuit Court

for the Twentieth Judicial Circuit, in and for Lee County, Florida. Plaintiff alleges that he suffered serious injuries when he was struck in the neck and right shoulder by a pipe after entering the delivery entrance of The Fresh Market in Naples, Florida on July 21, 2011.  Plaintiff seeks compensatory damages in excess of $15,000 (the state circuit court jurisdictional amount) for the bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition.  Plaintiff further alleges that the losses are permanent and continuing in nature and that he will suffer such losses in the future.  (Doc. #2.)

On March 3, 2014, defendant file a six-page Notice of Removal with nine attached exhibits.  (Doc. #1.)  The Notice of Removal asserted that this Court has original jurisdiction over the action based upon diversity of citizenship under 28 U.S.C. § 1332(a).  As to the jurisdictional amount in excess of $75,000, the Notice of Removal stated the following:

(1) Plaintiff's complaint seeks damages in excess of $15,000 for the bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of

     hospitalization, medical nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition.

(2) On October 16, 2013, in an effort to determine the amount in controversy for this action, defendant served Requests for Admissions on plaintiff requesting, among other things, an admission that plaintiff was seeking damages in excess of $75,000. Plaintiff responded that the amount of damages was unknown at the time.

(3) Defendant made another attempt to ascertain the amount of damages on December 10, 2013, but plaintiff simply responded that he was seeking damages greater than $15,000.

(4) On February 17, 2014, the Hartford Insurance Company filed a Notice of Lien for Payment of Workers' Compensation Benefits pursuant to Fla. Stat. § 440.39, which expressly stated that plaintiff was paid medical and indemnification benefits as a result of the incident detailed in the complaint.

(5) On February 18, 2014, defendant served plaintiff with a Second Set of Requests for Production of Documents and Tangible Things seeking, among other things, all "documents which identify any amounts paid to you

        through a Worker's Compensation claim as a result of the allegations contained in the Complaint." (Doc. #1-5.)

(6) On February 20, 2014, plaintiff provided defendant with an email from the Hartford Insurance Company stating that plaintiff had been paid $67,066.50 in medical payments and $63,764.05 in indemnity payments, for a total of $130,830.55. (Doc. #1-7.)

On March 3, 2014, the same day the Notice of Removal was filed, defendant was served with a Proposal for Settlement stating that plaintiff would settle the case for $600,000. (Doc. #13-3.)

Plaintiff asserts that this case should be remanded to state court because the Notice of Removal failed to clearly and unambiguously establish that the amount in controversy exceeds $75,000. Defendant argues to the contrary. For the reasons stated below, the Court finds that the Notice of Removal sufficiently establishes that the amount in controversy exceeded the jurisdictional threshold amount at the time of removal.

**II.**

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). The "original jurisdiction" of a federal district court includes diversity jurisdiction, 28 U.S.C. § 1332(a), which requires an amount in controversy exceeding the

"sum or value" of $75,000, exclusive of interests and costs. Id. The amount in controversy is measured as of the date on which the court's jurisdiction is first invoked, which is the date the action is removed to federal court. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938); Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). The removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal . . . ." Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 216 (1906); Pullman Co. v. Jenkins, 305 U.S. 534, 538 (1939). The removing defendant bears the burden of proving an adequate jurisdictional amount. Thomas v. Bank of America Corp., 570 F.3d 1280, 1282 n.4 (11th Cir. 2009); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

A removing defendant is required to file a signed notice of removal which includes, among other things, "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In a case such as this, which is removable solely on the basis of diversity jurisdiction, the amount in controversy is generally "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). However, the Notice of Removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief, or a money judgment but (as relevant here) the State

practice permits recovery of damages in excess of the amount demanded and the district court finds by a preponderance of evidence that the amount in controversy exceeds the § 1332(a) jurisdictional amount. 28 U.S.C. § 1446(c)(2)(A)-(B). Since the Complaint in this case did not allege a specific amount of damages, the amount in controversy is the amount in the Notice of Removal if the removing defendant proves by a preponderance of the evidence that the amount in controversy exceeds $75,000. Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013); Roe v. Michelin North Am., Inc., 613 F.3d 1058 (11th Cir. 2010).

Here, the Court finds that the preponderance of the evidence establishes that at the time of removal the value of the case exceeded $75,000. The allegations in the complaint regarding the scope and permanency of the injuries, coupled with the payment by the Hartford Insurance Company of over $130,000 in lost wages and medical expenses, establishes a sufficient amount in controversy. Additionally, plaintiff's settlement valuation of the case was $600,000, which adds weight to the evidence.[1] Therefore, the motion to remand is denied.

---

[1] The United States Supreme Court has recently granted certiorari on the issue of whether a defendant seeking removal is required to include evidence supporting federal jurisdiction or whether it is enough to allege a "short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, ___ S. Ct. ___, No. 13-719, 2014 WL 1343621 (Apr. 7, 2014). The Court finds that the Notice of Removal in this case complies with either standard.

**III.**

The Federal Rules of Civil Procedure provide that the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). "[B]ecause striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008).

Plaintiff requests that the Court enter an Order striking defendant's first and second affirmative defenses. Defendant's first affirmative defense states that "Plaintiff's injuries, if any, were the result of acts or omissions of third parties whom Fresh Market had no control." (Doc. #3.) Plaintiff states that defendant has failed to identify the negligent nonparty in its affirmative defense as required by Florida law; thus, the defense should be stricken. In Nash v. Wells Fargo Guard Services, Inc., 678 So. 2d 1262 (Fla. 1996), the Florida Supreme Court held as follows:

> [I]n order to include a nonparty on the verdict form pursuant to Fabre [v. Marin, 623 So.2d 1182, 1185 (Fla.1993)] the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. The defendant may move to amend pleadings to assert the negligence of a nonparty subject to the requirements of Florida Rule of Civil Procedure 1.190. However, notice prior to trial is necessary because the assertion that noneconomic damages should be apportioned against a nonparty may affect both the presentation of the case and the trial court's rulings on evidentiary issues.

Nash, 678 So. 2d at 1264. Assuming this pleading requirement applies in federal court, defendant may amend its affirmative defense. See Acosta v. United Rentals (North America), Inc., No. 8:12-CV-01530-EAK-TGW, 2013 WL 869520, at *6 (M.D. Fla. Mar. 7, 2013); Sachi v. Labor Ready Se., Inc., No. 09-82388-CIV, 2010 WL 3259916, at *2 (S.D. Fla. Aug. 18, 2010). Accordingly, plaintiff's motion to strike defendant's first affirmative defense is denied.

Defendant's second affirmative defense states that "Plaintiff himself may have been guilty of negligence in entering the subject premises which caused or contributed to the alleged damages, and therefore, any award to which Plaintiff may be entitled should be reduced pursuant to the doctrine of comparative negligence." (Doc. #3.) Plaintiff asserts that this defense should be stricken because defendant has not specified how plaintiff may have been negligent. The Court agrees. Equally important, defendant has not even affirmatively asserted that plaintiff is guilty of

negligence. This affirmative defense in simply insufficient and will be stricken.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #7) is **DENIED.**

2. Plaintiff's Motion to Strike (Doc. #4) is **DENIED** as to the First Affirmative Defense and **GRANTED** as to the Second Affirmative Defense.

3. Plaintiff's Motion for Leave of Court to File a Reply (Doc. #15) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of April, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record