UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN THOMPSON,

    Plaintiff,

v.                                    Case No:   2:14-cv-122-FtM-29CM

THE FRESH MARKET, INC.,

    Defendant.

## ORDER

Before the Court is Defendant's Motion to Preclude Attendance of Third Parties at Compulsory Medical Examination (Doc. 33), filed on April 21, 2015. Plaintiff filed his response to the motion on April 28, 2015 (Doc. 34). Defendant seeks to preclude any third party, including Plaintiff's attorney, parent, spouse, or other representative, and videographer, from attending the compulsory medical examination ("CME") of Plaintiff currently scheduled for May 14, 2015. *See* Doc. 33-1. Defendant provided as attachments to its motion the parties' proposed "agreed orders," which differ principally for purposes of this motion with respect to the attendance of third parties at the CME. *Cf.* Docs. 33-2 and 33-3.

Rule 35, Federal Rules of Civil Procedure, provides that a Court may order a party whose mental or physical condition is at issue to submit to an examination by a certified or licensed examiner. Fed. R. Civ. P. 35(a)(1). Here, however, the parties have stipulated that Plaintiff will submit to a CME, and the sole issue before the Court is who may be present during the examination. Rule 26, Federal Rules of Civil

Procedure, provides some guidance in this area. That Rule states, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). As another court in this district explained, "[f]ederal courts differ as to whether, and under what conditions, a third party may be present at a Rule 35 examination"; but "most courts in the Middle District of Florida have placed the burden of demonstrating good cause on the party seeking the presence of a third party or videographer, and have denied the request absent special circumstances." *Osgood v. Discount Auto Parts, LLC*, No. 3:13-cv-1364-J-34PDB, 2014 WL 212323, at *6 (M.D. Fla. Jan. 21, 2014) (citing various cases from the Middle District of Florida).

At the outset, the Court notes that Plaintiff's response arguably does not comply with the Local Rules, which require each party opposing a motion to file a response that includes a memorandum of legal authority in opposition to the request. *See* M.D. Fla. R. 3.01(b). Here, although Plaintiff's response includes two citations to cases from the Southern District of Florida and supplies orders from those cases as attachments to the response, the response itself is devoid of any legal analysis that might constitute a memorandum of law. *See* Doc. 34. Moreover, Plaintiff's response appears only to request that a videographer be permitted to attend the CME and does not include a request that any other parties be permitted to attend, as does Plaintiff's prior proposed order provided by Defendant as an attachment to its motion. Doc. 34; *see* Doc. 33-2. Accordingly, Defendant's motion to preclude all parties other

than a videographer at the CME is considered unopposed and will be granted as such. *See, e.g., Patton v. Ocwen Loan Servicing, LLC*, No. 6:11-cv-445-Orl-19DAB, 2011 WL 3236026, at *2 n.3 (M.D. Fla. July 28, 2011) ("Failure to oppose a motion raises an inference that the party does not object to the motion.") (citing Local Rule 3.01(b)).

As to whether a videographer may be permitted to attend the CME, Plaintiff bears the burden of establishing good cause to permit the attendance of third parties at the CME. Upon review of Defendant's motion and Plaintiff's response, Plaintiff has failed to identify any grounds upon which the Court may find good cause to permit the attendance of a videographer at the CME. Plaintiff therefore has not carried his burden here, and Defendant's motion will be granted.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Preclude Attendance of Third Parties at Compulsory Medical Examination (Doc. 33) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] Even if the Court were to evaluate Defendant's request to preclude third parties other than the videographer on its merits, rather than treating it as unopposed, the Court similarly would conclude that Plaintiff has failed to show good cause for permitting their attendance. Accordingly, the Court also would grant Defendant's motion on this basis with respect to the other third parties Plaintiff initially sought to have present during the CME.